BEN TAYLOR v. STATE.

[58 South. 593.]

1. CRIMINAL LAW. *Jurisdiction. Affidavit. Pleading. Replication. Demurrer. Proof. Variance. Code of 1906, Secs. 1746, 1773. Laws 1908, Ch. 115. Intoxicating liquors.*

   A justice of the peace cannot acquire jurisdiction to try an accused where no affidavit has been lodged with him, charging an offense.

2. REPLICATION. *Demurrer. Pleading.*

   A demurrer to a replication admits the facts therein stated.

3. INTOXICATING LIQUORS. *Sale. Indictment. Variance. Code 1906, Secs. 1746-1773. Laws 1908, Ch. 115.*

   Where a defendant is indicted under Code of 1906, Sec. 1746, as amended by Laws 1908, Ch. 115, generally for selling intoxicat-

ing liquors in a certain county, the fact that the evidence develops that the sale was made at a "place of amusement," which is punished under Sec. 1773, Code of 1906, as amended by Laws of 1908, Ch. 115, did not constitute a variance and defendant was properly sentenced under the former section.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Ben Taylor was convicted of unlawful retailing and appeals.

The grand jury of Forrest county returned an indictment against appellant, charging "that Ben Taylor, on the 24th day of April, 1911, in Forrest county aforesaid, did unlawfully sell and retail intoxicating liquors, against the peace and dignity of the state of Mississippi."

The defendant filed a plea in abatement, which alleged that "he is now, and was prior and at the time of the finding and return of said indictment, under bond to appear before a justice of the peace to stand trial in said justice court on the precise and exact and same offense charged against him in said indictment; that there is now, and was prior to and at the time of the presentation of said indictment against him, a pending cause against him in said justice court for the precise and exact and same offense undisposed of; that he was placed in jail under arrest by the sheriff of said county, on a warrant issued on an affidavit charging the defendant with the self-same offense; that this defendant executed an appearance bond, conditioned for its appearance for trial in said cause in said court, which said affidavit was made by the deputy sheriff of said county, and this defendant therefore denies the jurisdiction of this court to try him on said cause, and prays to be discharged.

To this plea, the district attorney filed a replication, which is in the following language: "That, about three weeks prior to the return of the indictment in this cause

against the defendant, D. G. McGilvary, a deputy sheriff of said county, made an affidavit against the defendant, charging him with the unlawful sale of intoxicating liquors as charged in this indictment, said affidavit returnable before said W. F. Wedgeworth, mentioned in the defendant's plea; that the defendant was arrested and placed under bond on said charge; but, as a matter of fact, the said affidavit was never lodged with said justice of the peace, nor the bond delivered to him, or filed in his court; that after the defendant was placed under bond for said offense, the grand jury of Forrest county convened, when the indictment against him was returned. Therefore the state denies that this court has not ample jurisdiction in this cause, and avers that this court has ample plenary jurisdiction in this matter, unaffected by the taking of said bond and the making of said affidavit by the said D. G. McGilvary, and this the state is ready to verify." To this replication, a demurrer was filed, which was by the court overruled. This action of the court is made one of the grounds assigned as error.

*Currie & Currie,* for appellant.

The appellant filed a special plea to the jurisdiction of the court alleging in substance: That prior to the return of the indictment against him by the grand jury and at the time of the trial thereon in the circuit court, there was pending in the justice court of the beat in which the alleged offense was committed, a prosecution against him undisposed of for the precise and exact offense charged against him in the indictment, that the justice court first acquired jurisdiction and held it to the exclusion of the circuit court. The state in its reply to this plea admitted that an affidavit had been made, warrant issued, the defendant arrested thereunder and an appearance bond executed by him returnable before a justice of the peace in said beat to answer the state

on the offense charged in the indictment. To this plea
the defendant (appellant) demurred, the demurrer was
overruled and the defendant (appellant) excepted. The
action of the court in overruling the demurrer is as-
signed as error.

Sec. 1154 of the Code of 1906 defines the commence-
ment of a prosecution as follows: "A prosecution may
be commenced, within the meaning of the last preceding
section, by the issuance of a warrant, or by binding over
or recognizing the offender to compel his appearance to
answer the offense, as well as by indictment or affidavit.
"This was the beginning or commencement of a prosecu-
tion. The broad and sweeping language of this statute
is enacted for the benefit of the state against the inter-
est of an offender. It operates to enable the state, first,
to avoid the running of the statute of limitations, and
second, to enable the state speedily to acquire jurisdic-
tion of the person of the offender without the necessity
of an indictment or affidavit in order that he may be
surely brought to justice without opportunity to escape.
By the warrant, the arrest and the appearance bond, an
action or prosecution was commenced against the de-
fendant in the justice court before which it was return-
able. That prosecution was pending undisposed of at
the time of the trial of the defendant in the circuit court
and the justice court had jurisdiction.

This statute relates to prosecution for crime and its
language must be strictly construed. Its scope cannot be
enlarged or abridged by interpretation or exception. It
must be taken at precisely exactly what it says.

Sec. 2749 of the Code of 1906, confers final jurisdic-
tion on justice court, to try all misdemeanors; and this
jurisdiction is concurrent with the circuit court, equal in
power and authority, extent and finality. *State* v. *Sin-
nott,* 35 Atl. 1007, 89 Me. 41, 30 N. E. 1050.

In such case the court first acquiring jurisdiction re-
tains it to the exclusion of all other courts having con-

current jurisdiction. 12 Cyc. 197; *District of Columbia v. Libby,* 9 App. Cas. 321; *Mize* v. *State,* 49 Ga. 375; *State* v. *Spayde,* 110 —— 726, 80 N. W. 1058, 29 N. W. 428; 40 Pac. 662, 91 N. C. 529; 9 Tex. 43; 28 Fed. Cas. No. 16,665.

On the foregoing authorities we urge that the circuit court was totally without jurisdiction to try the case and that its judgment is utterly void.

The next assignment of errors to which we direct the court's attention is the refusal of the court to grant the defendant a peremptory instruction at the conclusion of the state's testimony. The defendant was being prosecuted under the code section punishing the sale of intoxicating liquors—that is section 1746—and the proof showed the defendant guilty, if guilty at all, of selling whiskey at a place of amusement, and the defendant not having been indicted for that offense and the state having failed to amend its indictment so as to correspond with the proof, the defendant was clearly entitled to acquittal. We urge this view upon the court with much stress and confidence. The defendant, we say, if guilty at all, was guilty of a violation of Sec. 1773 of the Acts of the Laws of Mississippi, 1908, and not of Sec. 1746 of the Code of 1906. In the first place the proof shows that the defendant carried the whiskey to a place of amusement and sold it there, if at all; the proof shows that the defendant was a farmer, lived in the country and was not engaged in the "wet goods" business as a "blind tiger," and essentially is not guilty of the character of the offense prohibited in Sec. 1746, Code 1906; the proof shows that he himself was drunk and that he sold the whiskey openly and indiscriminately to all who applied for it, if indeed he sold it at all, everybody having a glorious and hilarious "time"—everybody drunk and drinking and eating and fiddling and dancing "at the frolic;" the proof shows that this defendant did precisely what the legislators foresaw a man with a little

whiskey might do—carry it to a frolic, get drunk himself and then give or sell it to others—although not engaged in the liquor business, that he ought to be slightly punished and so it made the penalty much less severe than in the case of a "cold-blooded blind tiger" in the business for money.

This view gains much strength when we consider the history of Sec. 1773 of the Laws of 1908. This section appeared for the first time in the Code of 1892 and is Sec. 1606 in that Code, and prohibits and punishes only the carrying and giving away of whiskey or intoxicating liquors at such places. This section reappears in the Code of 1906, and in Sec. 1773 of that Code and prohibits and punishes only the carrying or giving away of intoxicating liquors at such places. This section appears in the Acts of 1908, and is Sec. 1773 of said acts, and for the first time prohibits and punishes the sale of intoxicating liquors at such place. The act as it is now written prohibits and punishes (1) the carrying of intoxicating liquors to such place; (2) the giving away of intoxicating liquors at such place; (3) the selling of intoxicating liquors at such place. Division (3) of this analysis is the offense of which the proof in this case shows the defendant guilty, if guilty of any offense, and the indictment not charging him with this offense, the defendant was entitled to his discharge.

This contention is also greatly strengthened by the vast difference in the punishment to be inflicted; the imposition of a confiscatory money fine of five hundred dollars, and the imposition of the extreme penalty of ninety days in the county jail intended for the "breaking of the enlaired blind tiger" is not the fine and penalty intended to be imposed upon a farmer who, in a drunken condition, his reason dethroned, happens to visit a place of amusement or social gathering, and while in that condition carries whiskey to the place and gives it away or sells it; the turpitude of such act is not such as to justify

the infliction of such punishment; this present case, if permitted to stand, would be a perfect illustration of the cruelty and barbarity of such a law as would authorize such punishment.

*Frank Johnston,* assistant attorney-general, for appellee.

To vest the justice's court with the prior jurisdiction, under the general rule which governs the doctrine of concurrent jurisdiction, in order for the first court to have jurisdiction, there must have been some proceeding legally begun in that court followed by the arrest of the defendant; but here there was no affidavit in the justice's court whatever. Therefore, the issuance of the warrant of arrest was illegal and without authority, and the bond that was taken by the constable was without authority, and the justice court was without jurisdiction.

Suppose for illustration, there had been an arrest by a court officer of a defendant, that subsequently an affidavit had been filed legally, followed by the issuance of process and the arrest of defendant, and suppose it appeared as a fact that no indictment was ever found in the circuit court, it would clearly follow that the circuit court in that case had never acquired jurisdiction in the case, and the justice's court would have been left free therefore to proceed in the trial of the case.

On the facts in this case, therefore, I do not hesitate to submit confidently to the court the proposition that the case now before the court does not come within the ruling in the *Smithey Case,* 93 Miss. 257. This being the precise question presented for decision, and the only question arising on this jurisdictional question, I have not attempted any review of the authorities on the general question of concurrent jurisdiction, except that I have examined very carefully the decisions cited in the brief of counsel in support of their contention, and I will now submit to the court a brief summary of those cases of which will be found in point to the case at bar.

In *Mize* v. *State*, 49 Ga. 375, the plea was *autrefois* convict. Mize was indicted for gambling, and on the trial he pleaded a former conviction for the same offense in the court of a justice of the peace, and from the facts in that case it appeared that the prosecution was first begun in the justice's court, which had fully acquired jurisdiction of the same.

The case of *District of Columbia* v. *Libbey*, 9 App. Cas. (D. C.) 321, Libbey and the other defendants were proceeded against in the police court of District of Columbia for a violation of an ordinance of the city of Washington. Pending this proceeding, defendants had a writ of *certiorari* to transfer the case from the police court to the Supreme Court of that district. The courts had concurrent jurisdiction generally speaking, but the court held in this case that the writ did not lie, because in that particlar case, the police court did not have jurisdiction. There was a verdict for the defendant in the Supreme Court of the district, and the judgment was affirmed on appeal. The court said: "It was useless to reverse and remand the case to the police court, because that court did not have juridiction."

The *State* v. *Mikesell*, 30 N. W. 474, was a plea of *autrefois* acquit, and this plea was for an acquittal for the same offense under a former indictment.

In the case of *State* v. *Shinault*, 40 Pac. 662, the question was between the jurisdiction of two courts of record. The district court of Wyandotte county had a prosecution pending in an indictment charging an attempt to kill; an information was afterwards filed in the court of common pleas, and it was held that the first court had the jurisdiction because of the facts disclosed in that case, the first court had fully acquired the jurisdiction of the case.

In *State* v. *Williford*, 91 N. C. 529, the defendants were indicted in the superior court, and there was a commitment pending this case in the inferior court of

Hertford county, and it was held that such proceeding in the inferior court did not affect the indictment presented in the superior court.

The general rule is announced in *Burdette* v. *State,* 9 Texas. There an indictment was pending in a court of record; afterwards a prosecution was begun in a justice's court, resulting in a conviction, and the court held that that proceeding and conviction was no bar to the indictment.

Counsel for appellant, proceed in their argument in regard to the statute under which this indictment was framed upon an erroneous conception of the statute. The indictment in this case was simply for the illegal sale of whiskey. It is clearly based upon Sec. 1746, of the Code of 1906, which makes the sale of intoxicating liquors a misdemeanor, and fixes the punishment therefor, and which warranted the sentence pronounced in this case.

Sec. 1773 of the Acts of 1908, p. 118, it is true, has never been repealed. It is now the law of the state, and this statute makes it a misdemeanor to sell or to give away any intoxicating liquor or beverages at any public assembly. It is true that the evidence shows in this case that the defendant sold whiskey at a public assembly, but it is equally true that he was guilty of a violation of Sec. 1746 of the Code. The fact, therefore that he was indicted under Sec. 1746 of the Code of 1906, for selling liquor, which is condemned by that statute, is not affected by the proof which showed that this illegal act of selling liquor was on the occasion of a public assembly.

There is no variance, therefore, between the indictment and the proof, and no complication arising out of any question as to what statute the indictment was based upon.

Under section 1746 which carries a heavy penalty, the giving away of intoxicating liquors is not included, but

the selling of intoxicating liquors is expressly forbidden.

Section 1746, therefore, fixes the punishment for the illegal sale of liquor with more severity than the punishment prescribed by the act of 1908. But this consideration does not affect the validity of the indictment in this case, nor the fact of the actual sale of the liquor as shown by the testimony in the case.

MAYES, C. J., delivered the opinion of the court.

The facts set out in the replication to the plea in abatement filed by appellant, clearly show that no justice of the peace had ever acquired jurisdiction to try this appellant for the crime of selling intoxicating liquors. The demurrer to the replication admits all the facts stated in the replication, and these facts show that no affidavit, charging the appellant with the unlawful sale of intoxicating liquors, was ever lodged with any justice of the peace; nor was any appearance bond ever given to any justice of the peace, or filed in his court. In short, it appears from the replication that, if any affidavit was made under which the appellant was arrested and placed under bond, it was wholly irregular, and not made before the proper justice of the peace, and the taking of bond was without any legal authority. Of course, under these facts, there was no ground shown for any plea in abatement.

The only other question we desire to discuss is this: The indictment charges appellant with selling intoxicating liquors in Forrest county; the proof undoubtedly furnished the jury with ample grounds for convicting. But it is contended that the proof shows that if any sale was made it was made at a place of amusement, and, since the indictment does not so charge, there is a fatal variance between the indictment and the proof. The indictment in this case is under Sec. 1746 of the Code of 1906, as amended by Ch. 115, Laws 1908, and is an indictment

generally for the sale of intoxicating liquors in Forrest county. The indictment does not attempt to charge where the sale was made, except that it was made in Forrest county. Sec. 1746 of the Code, amended as above, provides that any person violating same shall be fined "not less than fifty dollars, nor more than five hundred dollars, or be imprisoned in the county jail not less than one week, nor more than three months, or both."

When appellant was convicted, he was sentenced to pay a fine of five hundred dollars, and to serve an imprisonment of ninety days, in accordance with Sec. 1746 of the Laws of 1908. It is contended that the court could not sentence under this section of the Code at all, and that the case should have been dismissed, because, if the appellant was guilty, he was guilty of selling at a place of amusement, which is punished by Sec. 1773, p. 118, Laws of 1908, in a different way; that is to say, since the proof showed that the sale was made at a place of amusement, he was guilty, if at all, only of the crime made by Sec. 1773 of the Laws of 1908. The above section of the Laws of 1908, p. 118, is as follows: "If a person carry to any place of amusement, social entertainment, or to any public assemblage intoxicating liquors of any kind, or if he sell or give away such intoxicating liquors at any such place, he shall upon conviction, be fined not less than ten dollars, nor more than fifty dollars, or imprisoned in the county jail not less than one week, nor more than one month, or both."

We do not think there is anything in this contention. The charge in the indictment is made under section 1746 of the Code, as amended, and it is that he sold intoxicating liquors in Forrest county, and the proof shows that he did this. It may be true that the proof shows that the sale was made at a place of "amusement or social entertainment;" but such proof was not at all necessary to establish the crime charged, and when the

proof showed that the sale was made at a place of amusement it also showed that it was made in Forrest county; and no matter where made, it was unlawful under the general law, the law which appellant was prosecuted for violating. If the indictment had been drawn under Sec. 1773 of the Laws of 1908, and had charged the sale to have been made at a place of amusement, of course, the proof would have had to correspond. But this indictment charges a general sale of intoxicating liquors under Sec. 1746 of the Code, as amended. The fact that the proof showed that the sale of intoxicating liquors was at a place of amusement does not change or meliorate the offense charged in the indictment, or make of it a different offense. It was proper for the court to sentence as it did.                              *Affirmed.*